IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 4:18-cr-91 |
| ) | |
| RONDALE LATTE CLAUD, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Peter G. Osyf, files this Position on Sentencing. For the reasons set forth *infra*, the United States recommends a sentence consistent with the applicable advisory guidelines range. Specifically, the United States recommends a sentence of 235 months of imprisonment.

**Statutory Considerations**

The defendant pleaded guilty on January 31, 2019, to Felon in Possession of Ammunition, 18 U.S.C. § 922(g), which carries a maximum penalty of 10 years imprisonment; pursuant to 18 U.S.C. § 924(a)(2). However, the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. The defendant's prior Attempted Rape, Possession of Cocaine with Intent to Distribute, and Malicious Wounding convictions subject him to a statutory enhancement in accordance with 18 U.S.C. § 924(e) which carries a mandatory minimum sentence of 15 years to life imprisonment. The court may sentence the defendant to any term of years or life imprisonment but may not sentence him to less than 15 years imprisonment.

1

**Impact of Plea**

Although no plea agreement was made between the parties, the United States acknowledges the defendant's change of plea to the indictment as acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to U.S.S.G. § 3E1.1(a). Additionally, because the defendant's timely notification of his intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under USSG § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a pre-sentence report (PSR) which detailed the offenses of conviction and the characteristics of the defendant. In calculating the offense level for the defendant the probation office assigned a base offense level of 24 under U.S.S.G. § 2K2.1. Because the offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions the defendant is classified as an Armed Career Criminal under the provisions of 18 U.S.C. § 924(e). The offense level for an armed career criminal is the greatest of U.S.S.G. §§ 4B1.4(b)(1), (2), or (3). In this case, the defendant used or possessed a firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a). Thus, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the defendant's offense level is 34. Applying the three point reduction addressed above, the defendant's total offense level is 31.

The probation officer also calculated a criminal history level for the defendant. In assigning points to the prior convictions, the defendant received the following: Receiving Stolen

Goods (0); Carrying a Concealed Weapon (0); Assault and Battery (0); Brandish Firearm (0); Assault (0); Brandish Firearm – 2nd (0); Threats to Kill (0); Threats to Kill – 2nd (0); Brandish Firearm – 3rd (0); Failure to Appear (0); Assault and Battery (0); Destroy Private Property (0); Driving Under Suspension or Revocation (0); Possession of Marijuana (0); Attempted Rape (3); Possession of Cocaine (0); Possession of Marijuana – 2nd (0); Driving Under Suspension or Revocation – 2nd (0); Possession of Cocaine with Intent to Distribute (3); Possession of Marijuana – 3rd (0); Possession of Firearm by Felon (0); Carrying Concealed Weapon (0); Malicious Wounding (3); Use of Firearm in Commission of a Felony (0); Grand Larceny (0); Possession of Firearm by Felon – 2nd (0); and Carrying Concealed Weapon – 2nd (0). These resulted in nine (9) criminal history points. To this, two points were added for being under a criminal justice sentence during the commission of the offense of conviction under § 4A1.1(d). The additional two point increase raises the criminal history point calculation to eleven (11) which establishes a criminal history category of V pursuant to U.S.S.G. Chapter 5, Part A. However, because the defendant qualifies as an Armed Career Criminal, his criminal history category is therefore determined to be the greatest of the criminal history category applicable under U.S.S.G. §§ 4B1.4(c)(1), (2), or (3), which in this case yields a criminal history category of VI.

As a criminal history category VI defendant with an offense level of 31, the defendant's sentencing guidelines range is 188 – 235 months.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

As outlined *supra*, the appropriate sentencing range under the guidelines is 188 – 235 months. The United States will now address the statutory factors that support its request for a sentence of 235 months.

A. Nature of the Offense

The defendant's offense of conviction involves him being a convicted felon in possession

3

of ammunition. While the firearm used in the offense of conviction was never recovered, the shell casings from the eight (8) shots the defendant fired in the public parking area of a local 7-11 gas station were. Prior to recklessly firing the deadly weapon in the air, the defendant pointed the firearm at a female employee of the 7-11 standing outside to whom he had moments earlier made multiple threats of violence.

      B.      History and Characteristics of the Defendant

The defendant is a 42-year-old male, born and raised in Newport News, Virginia. (PSR ¶ 58). The defendant never met his father who was killed in 1976 while trying to rob a cab driver in Newport News. (Id.). The defendant's mother was pregnant with the defendant at the time of his father's death. (Id.). The defendant was raised by his grandparents who, the defendant acknowledges, provided a "loving, nurturing environment for the family," one in which his "basic needs pertaining to food, clothing, and shelter were met." (PSR ¶ 59). The defendant's mother "tried to help out with the children as much as she could" despite wrestling with addiction problems and difficulties maintaining employment. (Id.). Although the defendant denies ever suffering from any form of physical, sexual, or emotional abuse as a child, he admits starting to get in trouble around the age of 17. (Id.). The defendant was married, but the strain caused by his habitual illicit conduct proved "too much for her to handle" and the couple divorced around 2004 or 2005. (PSR ¶ 60). The defendant has three children ages 24, 19, and 16. (Id.). The defendant stands 6 feet tall and weighs approximately 175 pounds. (PSR ¶ 63). He is in good physical condition despite having been shot on three separate occasions. (Id.). The defendant has been diagnosed and treated for ADHD and Bipolar Disorder. (PSR ¶ 65). He is also a registered sex offender as a result of his attempted rape conviction. (PSR ¶ 66). The defendant also historically suffers from addiction and drug and alcohol abuse, to include daily use of alcohol and marijuana and "off and on" use of cocaine. (PSR ¶ 67). The defendant completed 9th grade sometime around 1994

and obtained his GED in 2013. (PSR ¶¶ 68-69). The defendant was unemployed at the time of the offense of conviction and historically has struggled with maintaining employment. (PSR ¶¶ 70-74).

The defendant's criminal history is laid out *supra*.

C. Need for Just Punishment

The defendant is lawfully characterized as an Armed Career Criminal due to his criminal history. (PSR ¶ 21). His prior convictions of Attempted Rape, Possession of Cocaine with Intent to Distribute, and Malicious Wounding (PSR ¶¶ 36, 41, and 42, respectively), in conjunction with the defendant's lengthy criminal history, demonstrate the egregiously dangerous lifestyle the defendant lives. In this case, the defendant engaged in conduct representative of his history: reckless, violent, dangerous, and with absolute disregard for the law or safety of others. The firing of a deadly weapon in the air in public in this case, is exacerbated by the fact that mere moments before the offense, the defendant initiated contact with a young female employee on a break who he harassed and threatened with violence. It was after this unprovoked encounter that the defendant fired eight shots in the air after pointing the firearm at the employee. Engaging in this type of dangerous conduct with blatant disregard for law and order should warrant a significant penalty, especially in light of the defendant's prior convictions. That he endangered the life of another for seemingly no reason beyond sheer enjoyment should increase that penalty.

D. Deterrence

The two types of deterrence at issue are general and specific. On the issue of general deterrence, the public must have confidence that the activities of the defendant is treated with the utmost seriousness. The public must look at the actions of the defendant; threatening the life of another person with reckless abandon and endangering the safety of still others in a public place without provocation by discharging an unlawfully possessed firearm, and know that such conduct

commands a significant punishment. The value of life, of crime free communities, and of societal stability are expressed in the sentence assigned to the defendant. Those inclined to consider committing crimes like those of the defendant must be made to pause in thinking about the consequences that follow.

As for specific deterrence, this defendant pleaded guilty without a plea agreement. He is an Armed Career Criminal and has lived a life replete with violent and dangerous criminal activity which did not deter him from his current actions. Though the defendant's childhood is marked with tragic beginnings and uphill struggles, the defendant admits to being raised in a loving and nurturing environment where his basic needs were met by his grandparents. He further admits that he began getting in trouble when he was 17 and that those troubles escalated when he left the care provided by his grandparents to be on his own at 18. The defendant chose the lifestyle in which he finds himself. The defendant's repeated flagrant disregard for the law indicates a lack of concern for consequential action. A significant term of incarceration will create such awareness and deter this individual from future similar conduct.

E. Need to Protect Society

The United States urges the Court to consider this factor heavily. While one may look at the defendant's case as tragic from the defendant's perspective, one in which the system has failed him, such a position does not warrant risking the safety and lives of others. The defendant's prior undeterred conduct indicates that society is in great need of significant protection from the defendant given his continuous and increasingly more dangerous and even deadly conduct that has followed. The defendant has consistently demonstrated for decades his proclivity for drugs, firearms, and violence with utter disregard for others or the law.

F. Avoiding Sentencing Disparities

There are no co-defendants or other sentences to consider in this case.

## Conclusion

The United States is primarily concerned with the defendant's undeterred recidivistic criminal propensity, particularly for inherently violent and dangerous activity. The government has repeatedly offered its best resources to aid the defendant in treating his mental and emotional conditions as well as to overcome his substance abuse and addiction problems. Often times the defendant rejects or fails to take advantage of the programs offered and instead returns to his chosen path undeterred. The defendant's record and the nature of the offense support the mandatory minimum sentence of 15 years for being an Armed Career Criminal. In addition, the government requests the maximum sentence consistent with the applicable advisory guidelines range. For the safety of the community, 235 months is sufficient but not greater than necessary to accomplish the goals of sentencing.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
Peter G. Osyf
Assistant United States Attorney
Virginia State Bar No. 86597
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov

Certificate of Service

I certify that on April 26, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system who will send notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Peter G. Osyf
Assistant United States Attorney
Virginia State Bar No. 86597
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
peter.osyf@usdoj.gov